UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WESELY H. KAISER,<br><br>    Plaintiff,<br><br>vs.<br><br>SPOKANE COUNTY, and<br>DEPUTY J. RUSSELL,<br><br>    Defendants. | No. 2:14-CV-00078-JLQ<br><br>ORDER DENYING MOTION<br>FOR PROTECTIVE ORDER |

  BEFORE THE COURT is the parties' Stipulated Motion for Entry of Protective Order (ECF No. 14) and Motion to Expedite (ECF No. 15). The parties seek a broad protective order pertaining to "**all** documentation produced in conjunction with, or related to/or pertaining to deputies of Spokane County Sheriff's Department **and** any and **all** personal information regarding any third-parties...." (ECF No. 14, p. 2)(emphasis added). The parties have apparently agreed that such information may be deemed "confidential".

  It is this court's general policy not to enter 'blanket' protective orders. The Ninth Circuit Court of Appeals also does not generally approve of 'blanket' protective orders. See *Foltz v. State Farm Auto Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) (finding it could not sustain the district court's blanket protective order because the district court did not require a specific showing as to particular documents). Rule 26(c) provides that upon a showing of "good cause" the court may enter a protective order. "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130.

  No documents have been provided to the court for a determination of whether good

ORDER - 1

cause exists for a protective order.  Instead, the parties seek an extremely broad protective order that applies to "any documents, written or other that contain any personal information regarding any third-party in the above-referenced matter or not a party hereto....". (ECF No. 14-1, p. 2).  The "good cause" requirement of Fed.R.Civ.P. 26(c) pertains to "a party or person."  The Ninth Circuit recently stated: "The plain meaning of the word 'person' would include third parties who are not part of the litigation.  Thus, we cannot logically exclude third parties from our rule that whoever is seeking protection under Rule 26(c) bears the burden of showing good cause." *In the Matter of Roman Catholic Archbishop*, 661 F.3d 417, 426 (9th Cir. 2011).

**IT IS HEREBY ORDERED:**

1. The Motion to Expedite (ECF No. 15) is **GRANTED**.

2. The Motion for Protective Order (ECF No. 14) is **DENIED**.

3. The parties are free to make agreements concerning the conduct and confidentiality of discovery, and apparently have so agreed.  While the court will not enter a Protective Order without a particularized showing as to specific documents, the denial of court participation in the agreement between the parties shall not affect the validity of the agreement as between the parties.  The parties have stipulated to terms and conditions to maintain the confidentiality of certain documents.  Should the parties have need to file any of the documents with the court, they may file the documents under seal along with a motion to seal, and at that time the court will determine if it is appropriate to seal the documents.  The parties shall also comply with Fed.R.Civ.P. 5.2 concerning privacy protections for filings made with the court.

**IT IS SO ORDERED**.  The Clerk is hereby directed to file this Order and furnish copies to counsel.

**DATED** this 16th day of July, 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2